# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PASCUAL SOLER MONTOYA,

               Petitioner,

v.

SHERIFF DALE J. SCHMIDT,

               Respondent.

Case No. 17-CV-1706-JPS

**ORDER**

      On December 7, 2017, Pascual Soler Montoya ("Montoya") filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging his detention in connection with removal proceedings. (Docket #1). The Court documented the factual and procedural history of this proceeding in its screening order. (Docket #4). Montoya alleged that his removal to Cuba has been interminably delayed, in violation of *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001), and that his removal is in fact impossible, as there is no repatriation agreement between the United States and Cuba. *Id.* at 4.

      The Court permitted this action to proceed past screening and ordered Respondent to provide reasons why Montoya's removal had not yet occurred. To that end, Respondent filed a legal brief and a declaration from deportation officer Michael Landmeier ("Landmeier") on January 17, 2018. (Docket #5 and #6). Respondent contends that Montoya is removable in light of a recent agreement between the United States and Cuba regarding repatriation of certain nationals. (Docket #5 at 4). Respondent further asserts that Montoya's removal is reasonably foreseeable. *See Zadvydas*, 533 U.S. at 699-701. Landmeier has requested travel

documentation from Cuba and has received no indication that Cuba will not issue the necessary documents. (Docket #6 at 3).

Pursuant to the Court's screening order, Montoya was to file a brief in support of his petition within thirty days of Respondent's filing. *See* (Docket #4 at 6-7). That deadline has passed, and Montoya has filed nothing. The Court is therefore left with no basis on which to conclude that Montoya's removal is not reasonably foreseeable. In other words, without any argument or evidence from Montoya beyond the allegations of his petition, the Court is obliged to find that Respondent has rebutted the presumption that Montoya's ongoing detention is unreasonable. *Zadvydas*, 533 U.S. at 699–701. As a result, the Court must dismiss Montoya's petition.

Under Rule 11(a) of the Rules Governing Section 2254 Cases,[1] "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Montoya must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v.*

---

[1]Rule 1(b) of those Rules and Civil Local Rule 9(a)(2) give this Court the authority to apply the rules to other *habeas corpus* cases, including those arising under Section 2241.

*McDaniel*, 529 U.S. 473, 484 (2000). No reasonable jurists could debate whether Montoya's claims, which he failed to support with evidence or argument, have merit. As a consequence, the Court is compelled to deny him a certificate of appealability.

Finally, the Court closes with some information about the actions that Montoya may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty (30) days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner Pascual Soler Montoya's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge